IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AEROTECH RESOURCES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 00-2099-CM |
| **DODSON AVIATION, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On February 6, 2004, the clerk of the court entered a bill of costs for plaintiff Aerotech Resources, Inc. in the amount of $20,368.55. On March 30, 2004, the clerk of the court entered a bill of costs for defendants Dodson Aviation, Inc., Dodson International Parts, Inc. and Robert L. ("J.R.") Dodson, Jr. in the amount of $10,190.38. Pending before the court are Objections of Dodson Aviation, Inc., Dodson International Parts, Inc., and Robert L. Dodson, Jr., to Proposed Bill of Costs Submitted by Aerotech Resources, Inc. (Doc. 177) and Plaintiff's Objection to Defendants' Bill of Costs (Doc. 182).

**I.     Facts**

On February 25, 2000, plaintiff brought suit against defendants for tortious interference with a business relationship, fraudulent promise of a future event, fraud by silence, and breach of a fiduciary duty owed to plaintiff. On June 4, 2001, a jury returned a verdict in favor of plaintiff on its fraud by silence claim, but finding in favor of defendants on all other claims. The jury awarded damages to plaintiff based on this verdict in the amount of $211,500. On January 30, 2004, the Tenth Circuit affirmed the decision of the district court.

**II.    Standard**

Federal Rule of Civil Procedure 54(d)(1) states: "Expect when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The decision to grant or deny costs to the prevailing party pursuant to Rule 54(d)(1) is within the sole discretion of the district court. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (citing *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960)).

The taxation of costs is governed by 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party claiming allowance of costs bears the burden of proving the amount of compensable costs. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002). The party opposing the award of costs bears the burden of demonstrating that the award would be improper. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004).

**III.    Analysis**

**A.    Who is the Prevailing Party?**

Plaintiff objects to defendants' Bill of Costs generally, arguing that Federal Rule of Civil Procedure 54(d) grants costs to the prevailing party, and because judgment was entered in favor of plaintiff, defendants are not the prevailing party and are not entitled to recover costs under Rule 54(d). Defendants argue that of four claims, plaintiff prevailed on only one. Thus, defendants argue, defendants prevailed on the majority of claims submitted to the jury. Plaintiff contends that, because each of the four counts was an alternative theory of recovery, defendants' "win" on three of four counts has no practical effect; damages would have been the same whether plaintiff prevailed on one or all four counts.

The first issue before the court, therefore, is determining which party is the prevailing party. Typically, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[1]." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (quoting Wright & Miller, *Federal Practice & Procedure*, § 2667). Rule 54 "limits a district court's discretion to award costs in two ways. First, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, a district court must provide a valid reason for not awarding costs to a prevailing party." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997) (citations omitted).

Notably, case law and Rule 54(d) suggest that only one party may be classified as the prevailing party. Rule 54(d) states that "costs other than attorneys' fees shall be allowed as of course to *the* prevailing party unless the court otherwise directs" (emphasis added). Moreover, in a case involving similar facts as the instant case where both parties "prevailed" on at least one claim, the Tenth Circuit held that "both the plaintiff and the defendant" were not "literally 'the prevailing party' for purposes of Rule 54(d)(1)." *T.D. Williamson, Inc.*, 254 F.3d at 1235 n.7.

Although only one party may be classified as the prevailing party, the Tenth Circuit has identified several alternatives in which district courts may apportion costs when neither party fully prevails on all claims. For example, in *Barber v. T.D. Williamson, Inc.*, the Tenth Circuit held that the plaintiff, who was awarded nominal damages for one of three total claims, was the prevailing party. 254 F.3d at 1234. The court elaborated, however, by noting that the district court has broad discretion to apportion costs among two partially successful parties, or deny costs to either side.

> [I]n cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. Or, in cases in which "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties," some courts have denied costs to both sides. "[W]here the court exercises its discretion[,] the identification of the prevailing party may [in the end] become so unimportant as to be almost immaterial."

*Id.* at 1234-35 (citations omitted). Furthermore, the Tenth Circuit has stated that "a denial of costs does not constitute an abuse of discretion when the prevailing party is only partially successful." *Aerotech, Inc.*, 110 F.3d at 1526 (citation omitted). On the other hand, "because a denial of costs is a 'severe penalty,' there must be 'some apparent reason to penalize the party if costs are to be denied.'" *Id.* at 1526-27 (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)).

The court finds that, pursuant to relevant case law, plaintiff is the prevailing party even though defendants prevailed on the majority of claims presented to the jury. *See T.D. Williamson, Inc.*, 254 F.3d at 1234. This determination is not controlling, however, because this court has discretion to apportion costs among the parties, reduce plaintiff's award to reflect partial success, or deny costs to both parties. *See id.*

The court finds it significant that defendants do not request that the court eliminate or reduce plaintiff's costs to reflect partial success. Accordingly, the court is not inclined to *sua sponte* reduce the prevailing party's award of costs. Thus, the remaining question before the court is whether to award costs to defendants.

Plaintiff argues that it prevailed on one of four alternative theories of recovery. Thus, plaintiff argues that its award would have been the same had the jury found in favor of plaintiff on one or all four claims. The court is not persuaded by this argument. The jury was presented with four claims: (1) tortious interference with contract, (2) breach of fiduciary duty, (3) fraudulent promise of a future event, and (4) fraud by silence. Although the court is unwilling to speculate as to the jury's actions or analysis, the court's review of the jury's instructions does not lead it to conclude that each theory was an alternate of the others. The relevant jury instructions read:

> [I]f you find for plaintiff on plaintiff's claim of tortious interference with a business relationship, plaintiff's claim of fraudulent promise of a future event, plaintiff's claim of fraud by silence, or plaintiff's claim of breach of fiduciary duty, you should award plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate plaintiff for its loss or damage as was caused by the defendants' actions.

Jury Instruction No. 24 (Doc. 123). Thus, the jury was instructed to award plaintiff damages if the jury found in favor of plaintiff on any one of the claims before it. The court does not read these instructions to require the jury to award one amount of damages, and one amount only, if the jury found in favor of plaintiff on any or all of the presented claims.

The court also finds persuasive the fact that the Tenth Circuit, in affirming the jury's verdicts, found that while the claims before the jury were similar, they were not identical. Therefore, the jury's verdict was

not inconsistent. *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 Fed. Appx. 37, 41 (10th Cir. 2004) ("Jury verdicts that resolve separate and distinct causes of action are not facially inconsistent.").

The court finds, therefore, that although plaintiff is *the* prevailing party, both plaintiff and defendants partially prevailed; plaintiff prevailed on one claim, while defendants prevailed on three other, wholly separate, claims. Because defendants partially prevailed, the court finds that awarding costs to defendants is proper. The court recognizes that awarding costs to defendants has the same effect of reducing plaintiff's costs. Nevertheless, this result is appropriate under these circumstances because the court, in its "broad discretion" under Rule 54(d)(1), *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990), could have reduced or denied plaintiff's costs as an alternative, s*ee Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 783 (10th Cir. 1990) (stating that a district court has "discretion to refuse to award costs to a party which was only partially successful"); *Roberts*, 921 F.2d at 1048 ("[W]e conclude that the district court's decision to award costs to the party that prevailed on the vast majority of issues and on the issues truly contested at trial was not an abuse of discretion."). The court finds that awarding costs to both plaintiff and defendants more fairly compensates each party's respective partial success.

**B.     Defendants' Objections to Plaintiff's Bill of Costs**

**1.     Chapter 11 Bankruptcy Protection**

Defendants object to plaintiff's bill of costs on several grounds. First, defendants Dodson Aviation, Inc. and Dodson International Parts, Inc. object on the ground that these two defendants are debtors in possession in Chapter 11 bankruptcy proceedings. These two defendants allege that plaintiff's proposed bill of costs represents an attempt to collect a claim subject to the automatic stay under 11 U.S.C. § 362(a). Plaintiff acknowledges that Dodson Aviation, Inc. and Dodson International Parts, Inc. enjoy an

automatic stay under Chapter 11, but argues that defendants' objections as a whole are moot because defendant Robert L. Dodson, Jr., who has not sought bankruptcy protection, has not objected to the bill of costs.

The court deems defendant Robert L. Dodson, Jr.'s absence from the body of defendants' motion objecting to plaintiff's bill of costs an oversight, because defendant Robert L. Dodson, Jr. was listed in the title of the motion, and Mark Doty, attorney for Robert L. Dodson, Jr., signed the motion.[1] Therefore, the court finds that plaintiff is precluded from enforcing the bill of costs as to defendants Dodson Aviation, Inc. and Dodson International Parts, Inc. However, because defendant Robert L. Dodson, Jr. is jointly and severally liable for judgment against defendants, the court will address defendants' other arguments.

**2.    Objections to Specific Taxable Costs**

**a.    Pro Hac Vice Fees**

Defendants object to plaintiff's pro hac vice fees, citing two cases outside the Tenth Circuit. Pro hac vice fees are recoverable in the District of Kansas. *See Harris v. Oil Reclaiming Co., Ltd.*, 2001 WL 395392, at *2 (D. Kan. 2001); *Davis v. Puritan-Bennett Corp.*, 923 F. Supp 179, 181 (D. Kan. 1996). Thus, defendants' objection on this issue is overruled.

**b.    Deposition Expenses**

Defendants argue that the expense of a deposition not used at trial is not taxable as costs. Again, defendants cite several cases outside the Tenth Circuit. Plaintiff argues that the costs relating to the

---

[1] Consistent with this finding, the court's mention of "defendants" throughout this motion refers to all three defendants.

-7-

depositions of Markus Sleuwen Guerrero,[2] Marvin James Holtgrieve, Lisa Williams, Sarah Dunn and Boyd Mesecher are allowable in light of *Green Construction Co. v. The Kansas Power & Light Co.*, 153 F.R.D. 670 (D. Kan. 1994), which held that a district court has "great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself." *Id.* at 678. Necessity is a factual determination. *Id.* If a deposition is not used at trial, the costs are allowable if the court finds that the costs were "reasonably necessary." *Id.*

Plaintiff argues that the depositions of Mr. Guerrero and Mr. Holtgrieve were reasonably necessary because defendants listed these witnesses in their Rule 26(a) disclosures. Plaintiff supplied the court with an affidavit to this effect. Because defendants did not reply to plaintiff's response, and relying on the affidavit supplied by plaintiff, the court finds that these witnesses were, in fact, listed in defendants' Rule 26 disclosures. For this reason, the court finds that these witnesses' depositions were reasonably necessary to plaintiff.

Plaintiff next contends that the depositions of Ms. Williams and Ms. Dunn were reasonably necessary because these witnesses were administrative employees who had been involved in the preparation and translation of key communications as revealed by documents produced by defendants. Plaintiff argues that its counsel could not have known what slant these witnesses might put on these documents without deposing them. Defendants did not reply to this argument. Based on the limited facts available, the court finds the depositions of Ms. Williams and Ms. Dunn were reasonably necessary.

---

[2] This witness was referred to as both Markus Sleuwen Guerrero and Markus Sleuwen. The court will refer to him as Markus Sleuwen Guerrero throughout this motion.

Finally, plaintiff states that it did not take the deposition of Mr. Mesecher, but instead seeks the costs of the transcript of a deposition of Mr. Mesecher taken by defendants. The court finds that transcripts of the other parties' depositions are reasonably necessary.

The court overrules defendants' objection regarding depositions.

**c.     Charges for Disks, Minuscripts, and Delivery**

Defendants next object to plaintiff's charges for ASCII disks, minuscripts and delivery and postage charges. Plaintiff stipulates that these costs are not taxable. Specifically, plaintiff concedes that a total of $140.63 should be deducted from plaintiff's costs.[3] Therefore, the court sustains defendants' objection on this issue.

**d.     Court Reporter Attendance Fees**

Defendants also object to a $170 court reporter attendance fee for the deposition of Markus Sleuwen Guerrero, stating that this fee appears to be duplicative of the four witness attendance fees of $42.40 separately claimed by plaintiff. Plaintiff contends that the court reporter fee was $42.50 an hour, which is separate from the attendance fees of $42.40 paid to three witnesses, Mr. Guerrero, John B. Foster III, and Thomas E. Ashworth, plus $48.30 paid to General Banderas, totaling $175.50. Defendants did not respond to these arguments. The court finds that defendants were mistaken about the perceived

---

[3] The $140.63 total is itemized as follows, as outlined in plaintiff's response: $5 for a ASCII disk, $10 for condensed transcript/index, and $11 delivery is deducted from the cost of Robert Dodson, Jr.'s August 28, 2000 deposition; $18 for a ASCII disk, $18 for a Min-U-Script, and $34.38 for delivery/shipping and handling is deducted from the cost of Markus Sleuwen Guerrero's August 30, 2000 deposition; a $16 courier charge is deducted from cost of General Carlos Banderas's March 31, 2001 deposition; and $10 for a CT/Index, $10 for a ASCII disk, and $8.25 for a delivery/courier charge is deducted from the cost of the May 17, 2001 deposition of J.R. Dodson.

duplication of court reporter fees; plaintiff has adequately demonstrated the difference between these fees and plaintiff's witness attendance fees. Therefore, the court overrules defendants' objection on this issue.

### e.     **Expenses for Trial Transcript**

Defendants next object to a $2,260 fee for the preparation of a trial transcript, including expedited transcript and copying charges, arguing that plaintiff made no attempt to explain how the transcript of the trial itself was necessarily obtained for use in the case. Plaintiff argues that it ordered expedited copies of defendants' opening statement and the testimony of J.R. Dodson. In addition, after defendants ordered an expedited copy of the testimony of plaintiff's president, Carlos Ruiz, plaintiff ordered an expedited copy of this transcript as well. Plaintiff contends that it ordered these transcripts because credibility with respect to complex fact patterns were at issue in the two-week trial. Plaintiff notes that defendants also ordered expedited excerpts of the trial transcript.

"To award this premium cost for daily production [of a transcript], a court must find that daily copy was necessarily obtained, as judged at the time of transcription." *Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499, 506 (D. Kan. 1994) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir. 1988)). "However, '[i]f the issues in [the] case were so complex as to justify overlooking the lack of pretrial approval, the court [can use] its discretion to award the cost where the daily copy proved invaluable to *both* the counsel *and* the court.'" *Id.* (quoting Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 568 (1984) (emphasis in original)). "Whether an item is necessarily obtained for use in a case . . . calls for a factual evaluation, a task which is committed to the discretion of the trial court." *Id.* (quoting *Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th Cir. 1974)); s*ee also Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) ("[T]ranscipts need not be absolutely

indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" (citation omitted)); *Corder v. Lucent Tech., Inc.*, 162 F.3d 924, 928 (7th Cir. 1998) (holding that the district court did not abuse its discretion in awarding costs for expedited delivery of deposition transcripts when the expediency was needed in light of the discovery and motion schedule set by the court). *But see Va. Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (W.D. Va. 1995) ("The cost of daily copies of trial transcripts is recoverable if the daily transcript is indispensable, rather than merely for the convenience of the attorneys." (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233-34 (1964))).

Here, even though plaintiff did not order a daily copy of the transcript, but rather an expedited copy, *Griffith* is instructive. The court finds that neither party sought or received confirmation from the court that an expedited copy of the transcript was necessarily obtained. In addition, although the trial at issue lasted two weeks and dealt with four different claims, the court finds that plaintiff's use of an expedited copy of the transcript was not invaluable to both plaintiff and the court because the court had no use for the transcript. *Griffith*, 157 F.R.D. at 506. Accordingly, the court sustains defendants' objection and denies both plaintiff and defendants the costs of expedited transcripts. Thus, the court overrules plaintiff's request for $2,260 in costs for expedited transcripts and copies of transcripts, and defendants' request for $793 in costs for expedited transcripts.[4]

**f.     Expenses for Interpreters**

Defendants also object to costs totaling $2,661.32 for the compensation of interpreters, arguing that plaintiff makes no attempt to identify what documents were translated and how these documents were

---

[4] The court notes that although plaintiff argued generally that defendants should not be awarded costs, plaintiff did not specifically object to any of defendants' costs. However, in the spirit of fairness, the court denies the cost of expedited transcripts to both parties.

-11-

necessarily obtained for use in the case. Plaintiff contends that the translation charges at issue were incurred for translation services during the testimony of Mauricio Peraza at trial and translations of exhibits offered into evidence at trial. Plaintiff's counsel also noted, via affidavit, that the translations were not for the convenience of plaintiff's counsel, who is fluent in Spanish without the aid of an interpreter or translator. Defendants did not respond to plaintiff's arguments.

The court finds that, based upon the evidence provided by plaintiff, plaintiff's use of interpreters was reasonably necessary at trial. As such, the court overrules defendants' objection on this issue.

**g.     Expenses for Mediation**

Defendants also object to plaintiff's costs of $1,031.25 for mediation expenses. Plaintiff agrees that costs of mediation are not taxable. As such, the court sustains defendants' objection on this issue, and reduces plaintiff's costs by $1,031.25.

**h.     Conclusion**

    **1.     Plaintiff's Bill of Costs Totals**

Plaintiff sought $20,368.55 in costs from defendants. Pursuant to this Order, the court sustained defendants' objections regarding plaintiff's costs for disks, minuscripts, and delivery totaling $140.63, expedited trial transcripts totaling $2,260, and mediation expenses totaling $1,031.25. Therefore, according to the court's calculation, plaintiff is entitled to costs from defendants in the amount of $16,936.67.

    **2.     Defendants' Bill of Costs Totals**

Defendants sought $10,190.38 in costs from plaintiff.  Pursuant to this Order, the court, *sua sponte*, reduced defendants' costs by $793 for expedited transcript costs.  Therefore, according to the court's calculation, defendants are entitled to costs from plaintiff in the amount of $9,397.38.

**IT IS THEREFORE ORDERED** that Objections of Dodson Aviation, Inc., Dodson International Parts, Inc., and Robert L. Dodson, Jr., to Proposed Bill of Costs Submitted by Aerotech Resources, Inc. (Doc. 177) is granted in part and denied in part, and Plaintiff's Objection to Defendants' Bill of Costs (Doc. 182) is denied.

**IT IS FURTHER ORDERED** that plaintiff is entitled to costs from defendants in the amount of $16,936.67, and defendants are entitled to costs from plaintiff in the amount of $9,397.38.

Dated this 19th day of December 2005, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**